IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Regina Bulsak<br><br>　　　　Plaintiff,<br>v.<br><br>Legal Mediation Practice, Inc.<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION/VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Regina Bulsak ("Bulsak") is a natural person who resides in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Legal Mediation Practice, Inc. (hereinafter "Defendant LMP") is a Florida Profit Corporation and a collection agency operating from an address of 1919 Blanding Blvd. Ste. 4, Jacksonville, Florida 32210 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant LMP's Registered Agent is Duane C. Romanello, P.A. , 1919-8 Blanding Boulevard, Jacksonville, Florida 32210

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a loan with Payday-Loan-Yes.

8. The Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

9. On or about September 14, 2007, Plaintiff received a call at work from Jack Bowen, an employee of Defendant LMP. Mr. Bowen transferred the call to Mr. Hall, who informed the Plaintiff that she had until 1:00 pm that day to pay back the loan or "they would come to Plaintiff's job." When the Plaintiff advised Mr. Hall that she could make two payments, Mr. Hall said no, then told the Plaintiff "good luck" before hanging up.

10. This call from Defendant to Plaintiff is a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) and 1692f, amongst others.

11. On or about October 17, 2007, Mr. Hall phoned the Plaintiff's office and asked to speak with the Plaintiff. The Plaintiff received the call; said she wasn't in and asked if she could take a message. Mr. Hall asked for the street address. When asked why he would need the street address, Mr. Hall said they deal with the public and had to release the information.

12. This call from Defendant to Plaintiff is a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) and 1692f, amongst others.

13. On or about October 17, 2007, Mr. Hall left a message on Plaintiff's cell phone. He left his name, number (1-800-201-0564 x238), and stated he was from Legal Mediation Services and that it was imperative that he speaks with the Plaintiff that day. Mr. Hall failed to provide the language mandated by 15 U.S.C §1692e(11).

14. This call from Defendant to Plaintiff is a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(11).

*Summary*

15. The above-detailed conduct by Defendant, of harassing Plaintiff in an effort to collect this debt violates numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy.

16. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**
**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for an award of:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and
- costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted,

Date:

JEFFREY L. SUHER, P.C.

By: s/Jeffrey L. Suher
Jeffrey L. Suher, Esq.
Attorney I.D.#74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
Telephone: (412) 374-9005
Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

-4-Attorney for Plaintiff